UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>FRANCISCAN BROTHERS OF BROOKLYN and ST. ANTHONY'S HIGH SCHOOL,<br><br>        Defendant. | **DEFENDANT'S NOTICE OF REMOVAL**<br><br>Case No. _____<br><br>State Court Index No. 519459/2021 |

**TO:   THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK; THE SUPREME COURT OF NEW YORK, COUNTY OF SUFFOLK; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

YOU WILL PLEASE TAKE NOTICE that Defendant ST. ANTHONY'S HIGH SCHOOL hereby invokes the removal jurisdiction of the United States District for the Eastern District of New York pursuant to 28 U.S.C. §§ 1334, 1441, 1446, 1452, and Federal Rule of Bankruptcy Procedure 9027, on the following grounds:

1.    Plaintiff commenced this action (the "State Court Action"), which has been assigned the Index Number 519459/2021, by filing the Summons and Complaint with the Supreme Court of New York, County of Suffolk, on August 4, 2021.

2.    The Summons and Complaint were served in the State Court Action on August 16, 2021.  Pursuant to 28 U.S.C. § 1446(a) and Fed. R. Bankr. P. 9027(a), a true and correct copy of the complaint and all other pleadings filed in the State Court Action are attached hereto as Exhibit A, and a true and correct copy of the Affidavit of Service of the Summons and Complaint is attached as Exhibit B.

3.    This Notice of Removal is timely because the statutory deadline to remove was tolled by a preliminary injunction (the "Preliminary Injunction") entered in *In re The Roman*

*Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y.), a bankruptcy case under title 11 of the United States Code.

4. On November 4, 2020, the Bankruptcy Court of the Southern District of New York entered the Preliminary Injunction, enjoining Plaintiff from prosecuting the State Court Action. *See* "Consent Order Granting the Debtor's Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code" [Adv. Pro. No. 20-01226, Docket No. 36]. The Preliminary Injunction also provided that "[a]ny applicable deadline for any action to be taken in any State Court Action is hereby tolled for the duration" of the stay period, thereby tolling the time to remove the State Court Action. [Adv. Pro. No. 20-01226, Docket No. 36 at ¶ 2].

5. The Bankruptcy Court subsequently extended the Preliminary Injunction three times [Adv. Pro. No. 20-01226, Docket Nos. 44, 46, 53] through January 21, 2021. "First Supplemental Consent Order Granting the Debtor's Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code*"* [Adv. Pro. No. 20-01226, Docket No. 44]; "Second Supplemental Consent Order Granting the Debtor's Motion for Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code" [Adv. Pro. No. 20-01226, Docket No. 46]; "Third Supplemental Consent Order Granting the Debtor's Motion for a Preliminary Injunction" [Adv. Pro. No. 20-01226, Docket No. 53]. Each of these orders also tolled applicable deadlines, including the time to remove. *See* Adv. Pro. No. 20-01226, Docket Nos. 44, 46, 53, at ¶ 2.

6. On January 22, 2021, the Bankruptcy Court extended the Preliminary Injunction again through March 31, 2021 and permitted the parties to stipulate to an extension of the stay, ordering that "[t]he period beginning on the Effective Date and ending on the Termination Date (the "Standstill Period") shall not be included in computing the running of any time periods with

respect to any …(iii) deadline to seek removal of an action to federal court." *See* "Stipulation and Order Pursuant to 11 U.S.C. Section 105(a) Staying Continued Prosecution of Certain Lawsuits" [Adv. Pro. No. 20-01226, Docket 59]. The parties subsequently stipulated to several extensions. *See* Adv. Pro. No. 20-01226, Docket Nos. 69, 88, 98, 105, 112, 120, 138, 157. The last of such stipulations extended the Preliminary Injunction until such time as the Court lifted the stay. *See* "Stipulation and Agreed Order Extending the Termination Date of the Preliminary Injunction Staying Continued Prosecution of Certain Lawsuits" [Adv. Pro. No. 20-01226, Docket No. 157], ¶ 12.

7. The Bankruptcy Court subsequently ordered that the Preliminary Injunction terminate at noon on June 16, 2023. *See* "Order Denying the Debtor's Motion for a Preliminary Injunction Under Bankruptcy Code Sections 362 and 105(a)" [Adv. Pro. No. 20-01226, Docket No. 203] (attached as Exhibit C).

8. Defendant has 30 days after receipt of a copy of the initial pleading to file a notice of removal. *See* 28 U.S.C. § 1446(b); *see also* Fed. R. Bankr. P. 9027(a)(3). Defendant was served with the Summons and Complaint after the preliminary injunction was entered. As a result, the deadline for the defendant to remove did not begin to run until after the expiration of the preliminary injunction at noon on June 16, 2023. Therefore, Defendant's Notice of Removal is timely up to and including July 16, 2023.

9. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) because the claims asserted are "related to" the above-mentioned chapter 11 case *In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y.). The State Court Action could have an effect on the bankruptcy estate because its outcome "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts the handling and administration

of the bankruptcy estate." *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339-40 (2d Cir. 2018); *see also In re Purdue Pharmaceuticals L.P.*, 619 B.R. 38, 48-49 (S.D.N.Y. 2020) ("A bankruptcy court has 'related to' jurisdiction over every case where the action's outcome might have any conceivable effect on the bankruptcy estate" (internal quotation marks omitted)). This State Court Action is related to a proof of claim submitted by the Plaintiff in the DRVC chapter 11 case that asserts claims premised on the same conduct as are at issue in the State Court Action. *See In re The Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345, 2023 WL 3750442, at *4 (Bankr. S.D.N.Y. 2023). Prosecution of the State Court Actions therefore threatens to (1) expose the Debtor's estate to claims for indemnity or contribution by the Defendant; (2) deprive the Debtor's estate of proceeds of its shared insurance policies; and (3) create a risk of *res judicata* or collateral estoppel with respect to the Proof of Claim. For these reasons, the Bankruptcy Court recently determined that the State Court Action is "related to" the chapter 11 case. *See id.* at *72.

10. Because this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), this action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a). *See, e.g.*, *In re Queen Elizabeth Realty Corp.*, 502 B.R. 17, 21 n.4 (Bankr. S.D.N.Y. 2013).

11. This Court is the proper U.S. District Court for removal because the State Court Action is pending within this District.

12. Promptly after the filing of this Notice of Removal, Defendant shall provide notice of the removal to Plaintiff, and shall file a copy of this Notice with the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(c).

13. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Defendant states that to the extent the bankruptcy court has jurisdiction to enter final orders or judgment in the State Court Action, Defendant consents to the entry of such final orders or judgment.

Dated: Great River, New York
June 27, 2023

Respectfully submitted,

*[signature]*

**PATRICK F. ADAMS, P.C.**
BY: CHARLES J. ADAMS, ESQ.
Attorneys for Defendant
ST. ANTHONY'S HIGH SCHOOL
3500 Sunrise Highway
Building 300
Great River, New York 11739
(631) 666-6200

TO: MERSON LAW, PLLC
Attorney for Plaintiff(s)
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100